**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 15-4421**

———————————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

BRANDON TREMAYNE HOLMAN,

        Defendant - Appellant.

———————————

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Catherine C. Eagles, District Judge. (1:14-cr-00428-CCE-1)

———————————

Submitted: March 30, 2016         Decided: May 17, 2016

———————————

Before NIEMEYER, THACKER, and HARRIS, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Josiah J. Corrigan, PERRY, PERRY & PERRY, Kinston, North Carolina, for Appellant. Randall Stuart Galyon, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Brandon Tremayne Holman appeals his conviction and 84-month sentence after pleading guilty to possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (2012). Holman's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but questioning whether Holman's guilty plea was valid and whether Holman's sentence was reasonable. Holman has filed supplemental Anders briefs challenging his sentence and arguing that the arresting authorities violated his due process rights by failing to comply with Fed. R. Crim. P. 5(a). We affirm.

We conclude that no reversible error occurred during Holman's Fed. R. Crim. P. 11 hearing and that the district court had an ample factual basis from which to accept Holman's guilty plea. In addition, Holman's due process claim is meritless, for he was arrested following the return of a proper indictment, and thus the requirements of Rule 5(a) are inapplicable. See United States v. Abu Ali, 528 F.3d 210, 226 n.4 (4th Cir. 2008).

Turning to Holman's sentence, we review for both procedural and substantive reasonableness "under a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). We must ensure that the district court committed no significant procedural error, such as improperly calculating the

2

Guidelines range. Id. at 51. If there is no significant procedural error, we then consider the sentence's substantive reasonableness under "the totality of the circumstances, including the extent of any variance from the Guidelines range." Id. We presume that a sentence within a properly calculated Guidelines range is reasonable. United States v. Louthian, 756 F.3d 295, 306 (4th Cir.), cert. denied, 135 S. Ct. 421 (2014). A defendant can rebut this presumption only "by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." Id.

After reviewing the presentence report and sentencing transcript, we conclude that Holman's sentence is both procedurally and substantively reasonable. The district court properly calculated the advisory Guidelines range, discussed the applicable § 3553(a) factors, and sufficiently explained its reasons for imposing the sentence Holman received. In addition, Holman has not made the showing necessary to rebut the presumption of reasonableness accorded his within-Guidelines sentence.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Holman, in writing, of the right to petition the Supreme Court of the United States for

3

further review.  If Holman requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Holman.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>